UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVONNE SANFORD, Individually
and on Behalf of All Others
Similarly Situated;

    Plaintiff,

v.                                                                           CASE NO.:

MARKETSOURCE, INC.,
                                                           COLLECTIVE ACTION
                                                           REPRESENTATION

    Defendant.
_____/

**FLSA COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **YVONNE SANFORD,** individually (collectively referred to herein as "Plaintiff"), and on behalf of all others similarly situated (hereinafter the "Putative Class"), sues the above captioned Defendant, **MARKETSOURCE, INC**, individually and on behalf of all others similarly situated pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), for failing to pay Plaintiff and the Putative Class overtime wages and in support thereof, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over claims under the FLSA pursuant to 29 U.S.C. §216 (b), which states, in relevant part, "[a]n action to recover… may be maintained … in any Federal or State court of competent jurisdiction."

2. This Court has personal jurisdiction over this action, because Defendant is engaged in business throughout the state of Georgia and operates substantial business in Fulton

County, Georgia through is regional office located at 11700 Great Oaks Way, Alpharetta, Georgia 30022. Additionally, the damages at issue occurred in Fulton County, Georgia.

3. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b), because the acts complained of herein took place in Fulton County at Defendant's place of business located at 11700 Great Oaks Way, Alpharetta, Georgia 30022.

## THE PARTIES

4. Defendant, MARKETSOURCE, INC. (hereinafter "MARKETSOURCE"), is a Delaware For Profit Corporation with its principal place of business at 7301 Parkway Drive, Hanover, MD 21076.

5. Marketsource maintains a permanent office where Plaintiff, and the class of similarly situated is physically working from at: 11700 Great Oaks Way, Suite #500, Alpharetta, GA, 30022. Defendant may be served through its registered agent: Registered Corp. Service Company at 40 Technology Parkway, South, Suite #300, Ben Hill, Norcross GA 30092.

6. Marketsource is Plaintiff's employer as defined in the FLSA, and subject to the FLSA overtime wage requirements.

## REPRESENTATIVE PLAINTIFF YVONNE SANFORD

7. At all times relevant to this action, Representative Plaintiff, Yvonne Sanford (hereinafter "Plaintiff" or "Sanford"), resided in Kennesaw, Georgia.

8. At all times relevant to this action, Sanford was employed by Marketsource working from the Alpharetta office.

9. Plaintiff was employed by Defendant from approximately August 2016 until June 2017 as an inside sales representative (IDSR) as Defendant references this position in it posted

job description on its website, job number: 37514BR and attached as Exhibit "A"; she also worked as a Sales Development Representative or Business Development representative at times, and Defendant used numerous job titles throughout her period of employment to describe the same positions, all of which the primary job duty was sales and sales leads. See Exhibit "B."

10. Plaintiff, and all other members of the proposed putative classes of similarly situated were or are now, employees of Marketsource within the meaning of 29 U.S.C §203(e)(1).

11. Plaintiff was classified (aka "misclassified") by Defendant as an exempt salaried employee, prior up until November 2016, when Defendant announced it was reclassifying all inside sales representatives and business development and sales development employees to hourly employees.

12. Plaintiff's work duties and responsibilities dictate that she should have been classified and compensated as a non-exempt employee under the FLSA.

13. Throughout the course of her employment by Marketsource, Plaintiff was always denied overtime compensation even though she routinely worked overtime hours with the knowledge, encouragement and behest of Marketsource management.

14. Plaintiff routinely came in early, worked through some or all of her lunch break, and stayed later than the required mandatory shift ending time, and was not paid for all her overtime hours, and not paid at time and one half her regular rate to include commissions in the rates.

15. For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

16.     At all times relevant to this action, Representative Plaintiff, Yvonne Sanford worked from Defendant's Alpharetta office located in Fulton County, Georgia, but also performed some work outside of the office.

17.     For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b), and is ready, willing and able, and by her experience suited to be a representative plaintiff of the putative class.

18.     Plaintiff worked both as an (ISDR) inside sales representative and a sales or business development representative in her time with Defendant.

## SUMMARY OF CLASS

19.     The case is brought by Plaintiff as a collective action to recover from Defendant, unpaid overtime wages, liquidated damages, and the costs of reasonable attorney's fees under 29 U.S.C. §216(b), on behalf of the Plaintiff and all similarly situated persons composed of the following classes:

CLASS A.     All persons employed by Marketsource, Inc. as an Inside Sales Representative, Sales Development Representatives or Business Development under these titles, the title of Account Manager or any other title used to describe the same positions, in the **three (3)** years preceding the filing of this lawsuit up through November 2017.

CLASS B.     All persons employed by Marketsource, Inc. as an Inside Sales Representative, Sales Development Representatives or Business Development representative under these titles, the title of Account Manager or any other title used to describe the same positions, from November 2017 to the present.

20.     In the course of her employment with Marketsource, Plaintiff, and other employees in the Putative Classes, regularly worked in excess of forty (40) hours per work week and were not paid overtime compensation at the lawful overtime rate for all of the overtime

hours worked, based on Defendant's custom and practice of misclassifying employees as exempt employees prior to November 2016; and by willful, unlawful pay practices thereafter through the edited and shaving off of overtime hours reported by employees, or by instituting fear and through intimidation against employees for claiming overtime hours worked.

21. Plaintiff alleges on behalf of herself and the Putative Classes that they are entitled to be paid a premium for all overtime hours worked at rates of one and one half times their regular rates of pay as required by the FLSA, and that such rates must include the value of all commissions earned.

## GENERAL COLLECTIVE ACTION ALLEGATIONS

22. Marketsource had a common pay practice and policy of denying its inside sales representatives (IDSF) and Sales Development Representatives (SDR) and Business Development Representatives (BDR) overtime pay for hours worked in excess of forty (40) hours per work week.

23. From the time Plaintiff was hired in August until November, Marketsource treated Plaintiff and all others in the putative classes as salaried exempt employees.

24. Sometime in or about November, 2016, Defendant announced it was changing everyone in these positions to hourly, non-exempt employees because of alleged "changes in the Federal Law".

25. At no time did Defendant offer to pay Plaintiff or the classes of similarly situated employees overtime wages for all their hours worked prior to November, 2016; and Defendant never made any inquiry about the overtime hours Plaintiff and the class of similarly situated worked prior to this date.

26. Further, Defendant never discussed the exemption previously claimed and the rights of the Plaintiff and the classes of similarly situated to overtime pay, the applicable and proper overtime rates they were now entitled to be paid for overtime hours worked, and the fact that commissions were required to be included in the calculation of the regular rate and overtime rates of pay.

27. At all material times, Marketsource required its inside sales reps and sales and business development representatives to work in excess of forty (40) hours a week through an unwritten, De Facto rule that encouraged, pushed, and coerced these employees into working extra hours through intimidation and the threats of termination of employment for not meeting required phone call metrics or quotas and production quotas.

28. This De Facto rule against claiming or complaining of not being paid for all overtime hours worked was maintained after November 2016. Plaintiff understood from actions of shaving hours, intimidation and comments from management was that the unwritten rule was work as many overtime hours as necessary without pay to hit goals and quotas, or fact scrutiny and termination.

29. Defendant knew that in order for Plaintiff and the classes of similarly situated inside sales reps, sales development reps and business development reps to meet quotas, metrics and goals that they had to work overtime hours, including working through lunches, coming in early and staying late.

30. Defendant increased the phone call requirements upwards of 100 phone calls per day, which literally forced Plaintiff and the classes of similarly situated to work overtime hours

to meet this goal and quota, especially when some businesses were located in western time zones.

31.     Defendant also knew that those employees, including Plaintiff who had to call upon businesses in the western United States, thate due to the later time periods, these employees would have to work past 5:00 p.m. and into the evening hours to speak with such businesses.

32.     Defendant rotated Plaintiff and all other inside sales representatives and sales development employees to various accounts it had with companies throughout her employment, including:  Synchrony, Chronos Solutions, Blue Board, Tom Tom.

33.     When an account of Marketsource shut down the program, or ended their business with Marketsource, Defendant placed Plaintiff and other inside sales representatives in a position called "the bench".

34.     While in between inside sales positions, Plaintiff and other employees on the bench, were assigned to work as sales or business development representatives, doing the same primary function of cold calling upon business, but rather than seeking to finalize a sale, they were primarily focused on setting up appointments for sales representatives or just other promotional activities for the businesses they were calling on behalf of.

35.     When placed on "the bench", the commission structure for Plaintiff and other employees was lowered, as was the base salary.

36.     Defendant willfully misclassified Plaintiff and the the Classes as exempt employees on a uniform basis, without regard to any individualized analysis of the work performed prior to November 2016.

37.     Upon information and belief, for the three-year period of time before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all inside sales representatives, all sales and business development representatives, and all have regularly worked in excess of forty hours per week.

38.     Plaintiff and the Putative Class are not considered exempt because "[a] job title alone is insufficient to establish the exempt status of any particular employee … [but rather] [t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2.

39.     The Defendant will likely argue to no avail that the Plaintiff and members of the Putative Classes of inside sales representatives, business and salaried development reps are exempt under the administrative exemption.

40.     Under the FLSA, an administrative employee is defined as an employee who has "discretion and independent judgment with respect to matters of significance." 29 C.F.R.§541.200.  In order to possess such discretion the employee must have the authority to make "independent choice[s], free from immediate direction or supervision…even if their decisions or recommendations are reviewed at a higher level." 29 C.F.R. §541.202(c).

41.     Plaintiff and similarly situated inside sales representatives and business and sales development representatives do not qualify for the administrative exemption because they were not allowed to hire, fire, train, mentor, or discipline any employees, and their primary job duty did not involve the exercise and discretion of independent judgment in matters of significance, and because their primary duty was sales which means they were involved in "production".

42. The members of the Putative Class are so numerous that joinder of all members is impracticable. The exact number of the members of the Class is unknown to the Plaintiff at this time, and can only be ascertained through appropriate discovery.

43. Upon information and belief there are approximately 150 currently employed inside sales representatives and business and sales development reps working from several floors of Defendant's office in Alpharetta, and given turnover in the past three years, the estimated putative class is approximately 500 or more persons.

44. Plaintiff will fairly and adequately protect the interests of the Putative Classes and have retained counsel that is experienced and competent in collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the Putative Class.

45. Notice of the pendency and any resolution of this action should be provided to Putative Class Members by email, U.S. Mail, text and by web publication.

46. All inside sales reps were trained the same in a week long, classroom type environment.

47. All inside sales reps were given a base salary, plus a monthly commission structure which was based upon percentage of goal set by Marketsource. During such training and subsequent continuous training through meetings, memorandums, and webinars, Defendant expected and required all inside sales reps and all sales and business development reps to perform their job duties in similar manners.

48. All members of the putative classes had the same general corporate set work schedules of 8:00 a.m. to 5:00 p.m., with a one hour lunch break.

49. All members of the putative classes adhered to a single company employee manual, employee policies and procedures.

50. Throughout Plaintiff's employment, Defendant did not have in place a system, time clock or program for employees to log in or clock in and out their daily work hours.

51. Instead, only after November 2016, did Defendant institute an online system for the employees to self report their work hours at the end of a week, but not contemporaneously with each day as required by the FLSA.

52. When Plaintiff commenced work prior to 8:00 a.m. as permitted by management, such hours were shaved or edited off her time records.

53. When Plaintiff stayed late, even upwards to 7:30 p.m., again, her manager would edit and shave off the time to avoid paying overtime wages.

54. Defendant also had a mandatory one hour lunch deduction for each day, regardless of whether Plaintiff or any member of the putative classes worked through some or all of their lunches.

55. Plaintiff routinely came in early, worked through most of her lunch break and stayed late in order to meet telephone call metrics and quotas, sales quotas and goals and in an effort to maximize commissions.

56. Plaintiff also routinely stayed later than 5:00 p.m. to satisfy management's pressure.

57. Defendant pressured sales reps and sales development reps to continue to work past 5pm, essentially off the clock, in order to meet goals and quotas of phone calls, appointments and sales.

58. Plaintiff discovered that all overtime horus she worked, including working through lunches, staying late and coming in early were edited off her paychecks after November 2016.

59. Through communications with other sales reps and sales and business development reps, it was clear management of Defendant treated all employees the same and edited and shaved off overtime hours that employees had worked or attempted to log in.

60. Thus Many employees simply ignored and disregarded attempts to report or log in overtime hours or working through lunches, as Defendant simply would reject all.

61. Defendant made is known through intimidation actions and communications that to complaint about being denied overtime pay was against the company unwritten policy and rule, and that doing so would be scrutiny over performance and termination of employment.

## COUNT I
## VIOLATION OF FLSA SECTION 29 U.S.C. § 207, FAILURE TO PAY OVERTIME WAGES

62. The Plaintiff readopts and re-alleges the allegations all preceding paragraphs as if fully set forth herein, and further alleges:

63. Plaintiff brings this FLSA claim on behalf of herself and all other similarly situated comprised of all current and/or former employees of Marketsource who work now or have worked as inside sales representatives, sales or business development representatives under any titles used by Marketsource to describe the same positions, at any time in the three (3) years preceding this filing to the present.

64. At all relevant times, Marketsource has been and continues to be an employer engaged in commerce and/or the productions of goods for commerce within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

65. At all relevant times, Nexus employed Plaintiff and the Putative Class within the meaning of the FLSA.

66. At all relevant times, Plaintiff and the Putative Classes regularly worked overtime, with the behest, encouragement, knowledge and expectations of Defendant.

67. As stated herein, Marketsource has a common policy and practice of refusing to pay overtime compensation for employees in the insides sales, sales and business development positions for hours worked in excess of forty (40) hours per work week, regardless of the actual job duties performed or any individualized variances by each employee.

68. Marketsource willfully failed to compensate Plaintiff and the Putative Classes for overtime hours they regularly worked without explanation of the reasons or the exemption claimed to be applicable prior to November 2016.

69. Prior to November 2016, Defendant, upon information and belief classified all inside sales reps and business and sales development reps as exempt, paying all a base salary and a monthly commission, but did not pay Plaintiff and all others similarly situated overtime wages.

70. Defendant did not even have a time tracking or time submission system in place for Plaintiff and the classes of similarly situated prior to November 2016.

71. Thereafter November 2016, Defendant continued not to pay Plaintiff and the classes of similarly situated overtime wages through a company and office wide practice of editing off such hours, automatic one hour deduction for lunches, and by a practice of instituting

fear and intimidation of Plaintiff and similarly situated against complaining about not being paid a premium for all overtime hours worked.

72. Marketsource's failure to pay Plaintiff and the Putative Classes overtime compensation or any premium for overtime hours, at a rates not less than one and one-half times their regular rates of pay (or any other premium) for work performed beyond the forty (40) hour work week, was, and remains a willful violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

73. Marketsource has not made a good faith effort to comply with the FLSA and the overtime compensation requirements with respect to Plaintiff and the Putative Classes. Marketsource violations of the FLSA are willful and deliberate, and upon intended to save the Defendant millions of dollars in labor costs at the expenses of the Plaintiff and classes of similarly situated.

74. Upon information and belief, Marketsource never verified, investigated or obtained any legal opinion as to the application of any exemptions under the FLSA for the BDR position; or alternatively, despite knowledge of questions or challenges to the exemption classification, continued to classify the position as exempt.

75. After reclassifying Plaintiff and the classes of similarly situated employees to non-exempt hourly employees on or about November, 2016, Defendant never offered to pay for any prior overtime hours worked to Plaintiff and the classes.

76. Defendant never explained why Plaintiff and the classes were not entitled to be paid for all prior overtime hours worked, or what the reasons or legal basis they previously deemed them exempt.

77. Defendant never complied fully with the FLSA both before and even after the November 2016 change as it continued not to put in place an actual and dedicated time tracking system or time clock for employees to daily and contemporaneously log in their arrival times, break times and times of departure as required by the FLSA.

78. Defendant challenged and questioned, and placed under scrutiny any employee who reported or logged in overtime hours such that Plaintiff and others were in fear by Defendant's intimidation against reporting all such hours or complaining.

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80. The primary job duties and responsibilities for the inside sales and sales and business development positions do not meet or satisfy the elements of any exemption under the FLSA, including the retail 7i exemption, as Plaintiff and the classes of similarly situated were engaged in business to business (b2b) sales.

81. Plaintiff and the classes of similarly situated routinely worked horus beyond the stated 8:00 to 5:00 schedule, as well as working through some or all of the lunch hour without being paid a premium for all overtime hours worked.

82. Upon information and belief, even when Defendant paid any member of the putative classes overtime wages, it failed to pay time and one half the employee's regular rate of pay and failed to include the value of commissions in such calculations and the regular and overtime pay rates.

83. Defendant's failure to include commissions in the calculations of the regular rates and overtime rates paid to any member of the putative classes is also a willful violation of the FLSA, as is paying less than time and one half.

84. As a result of Defendant's willful, and reckless disregard FLSA violations, Plaintiff and the Putative Classes of similarly situated have suffered damages and are entitled to recover from Marketsource, wages for all unpaid overtime hours worked and all hours if any paid at less than time and one half the employees regular rates of pay including commissions in the rates, plus an equal sum as liquidated damages, reasonable attorney's fees and expenses of this litigations.

85. Plaintiff is entitled to an award of reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

86. Plaintiff and the classes of similarly situated should be paid time and one half their regular rates of pay for all overtime hours, and the commissions included in such calculations.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for:

a. A ruling that Marketsource has violated the FLSA and that the inside sales representative position, and the sales development representative position and business development positions should have been and should be now classified as non-exempt;

b. An order conditionally designating this action as a collective action and approving the issuance of supervised notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated individuals with instructions to permit them to file consents to joint this action to §216(b);

c. An order appointing Plaintiff and their counsel to represent the Putative Classes;

d. An order enjoining Marketsource from any further violations of the FLSA;

e. prejudgment interest;

f. An order awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

i. That the Court finds Marketsource has willfully, and with a lack of good faith, violated the overtime provisions of the FLSA, including the time tracking requirements for non-exempt employees;

j. That the Court and apply a three (3) year statute of limitations;

k. That the Court enjoin Defendant, pursuant to 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to members of the Putative Class;

l. That the Court award Plaintiff and members of the Putative Class overtime compensation for all the previous hours worked over forty (40) hours in any work week, during the past three years; liquidated damages of an equal amount of the overtime compensation pursuant to § 216 of the FLSA;

m. That the Court award Plaintiff a collective action representative service fee for her efforts and time dedicated to bringing justice through this action for the classes of similarly situated; AND

n. That the Court award any other legal and equitable relief as this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 19th day of DECEMBER, 2017.

*/s/ Mitchell L. Feldman, Esq.*
MITCHELL L. FELDMAN, ESQUIRE
Georgia Bar No.: 257791
**FELDMAN WILLIAMS PLLC**
1201 Peachtree Street, NE
400 Colony Square, #200
Atlanta, GA 30361
Tele: (877) 946-8293
Fax: (813) 639-9376
Email: mitch@feldmanwilliams.com
*Attorneys for the Representative Plaintiff, and the Putative Class*
